IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS RAY RIGSBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-21-666-R |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff filed this action seeking relief for the alleged violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On July 23, 2021, Judge Purcell issued a Report and Recommendation wherein he recommended that the Complaint be dismissed. (Doc. No. 10). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. (Doc. No. 11). Having conducted this review, the Court finds as follows.[1]

The Report and Recommendation recommends dismissal because it is clear that Plaintiff's claims are barred by the statute of limitations.[2] Plaintiff's argument that the

---

[1] "Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

[2] The Court notes that the Complaint has many other obvious deficiencies that would support dismissal even if the statute of limitations issue was not obvious from the face of the Complaint.

extension of the statute of limitations for certain claims in a distant jurisdiction—specifically statutes altering the limitations period for seeking reparation payments to the descendants of slaves—impacts the statute of limitations in his case is unavailing and provides no basis for rejection of the Report and Recommendation.[3] Judge Purcell additionally notes that to the extent Plaintiff seeks relief from the State of Illinois, the State is protected by Eleventh Amendment immunity.[4]

Plaintiff requests that the Court appoint him counsel. (Doc. No. 11). The Court hereby DENIES Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the Court evaluates the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and his ability to investigate the facts and present his claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 10th Cir. 1995). The Court declines Plaintiff's request because dismissal is appropriate.

For the reasons set forth herein, the Report and Recommendation is ADOPTED and the Complaint is DISMISSED because Plaintiff's claims are barred by the statute of limitations or the Eleventh Amendment. Judgment shall be entered accordingly.

---

[3] Plaintiff's contention that he was a child is similarly ineffective because he long ago reached the age of majority.
[4] It is not entirely clear that Plaintiff is seeking relief from the State of Illinois, in that he lists Defendant 2 as "Chicago City of the Grate (sic) State of Illinois." (Doc. No. 1, p. 6). He also names "Any other state or city doing repramations (sic) for slave desendents (sic)." *Id.* Plaintiff does not identify the California Youth Authority as a Defendant in either the caption or the section of the form complaint for listing parties. He does, however, seek relief from the State and identifies the California Youth Authority as a Defendant to Claim II of the Complaint. Any such claims are barred by the statute of limitations as set forth in the Report and Recommendation.

**IT IS SO ORDERED** this 21st day of September 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE